<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4383**

———————

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

ANTONIO SINGLETON,

    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, Senior District Judge. (3:12-cr-00731-CMC-1)

———————

Submitted: November 19, 2013  Decided: November 21, 2013

———————

Before DAVIS, WYNN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Kimberly H. Albro, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Robert Claude Jendron, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Singleton appeals from his conviction and 151-month sentence entered pursuant to his guilty plea to possession with intent to distribute cocaine base. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning the sufficiency of the Fed. R. Crim. P. 11 hearing and the reasonableness of Singleton's sentence. Neither Singleton nor the Government has filed a brief. We affirm.

Prior to accepting a plea, a trial court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Additionally, the district court must ensure that the defendant's plea was supported by an independent factual basis, was voluntary, and did not result from force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2)-(3); DeFusco, 949 F.3d at 119-20. "In reviewing the adequacy of compliance with Rule 11, this [c]ourt should accord deference to the trial court's decision as to how best to

2

conduct the mandated colloquy with the defendant." DeFusco, 949 F.2d at 116.

Because Singleton did not seek to withdraw his guilty plea or otherwise preserve any allegation of Rule 11 error, we review his plea colloquy for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, Singleton "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Whether to correct an error lies in this court's discretion, which we will exercise "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks omitted).

Our review of the record indicates that the district court fully complied with Rule 11 in accepting Singleton's plea. Accordingly, we conclude that the plea was knowing and voluntary and, consequently, final and binding. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). We first ensure that the district court committed no "significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012)

3

factors, and inadequate explanation of the sentence imposed. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010) (quoting Gall, 552 U.S. at 51). If we find the sentence procedurally reasonable, we also must examine the substantive reasonableness of the sentence, considering "the totality of the circumstances." Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a). A within-Guidelines sentence is presumed reasonable on appeal, and the defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Because the district court properly calculated Singleton's Guidelines range based on his relevant conduct and criminal history, adequately explained the sentence in light of the § 3553(a) factors, and explicitly addressed Singleton's arguments for a lower sentence, we conclude that Singleton's sentence is procedurally reasonable. See United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that district court must conduct individualized assessment based on particular facts of each case). Further, the sentence, which is at the bottom of the applicable Guidelines range, is also substantively

reasonable because Singleton provides no information on appeal to rebut the presumption of reasonableness.

In accordance with <u>Anders</u>, we have examined the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Singleton's conviction and sentence. This court requires that counsel inform Singleton in writing of his right to petition the Supreme Court of the United States for further review. If Singleton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may motion this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Singleton. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>